**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **JASON SCHAUMLEFFEL**, | * | |
| Plaintiff, | * | Case No. 2:17-cv-463 |
| | * | |
| v. | * | Judge George Smith |
| | * | |
| **MUSKINGUM UNIVERSITY**, et al., | * | Magistrate Judge Kimberly Jolson |
| Defendants | * | |
| | * | |

**Memorandum in Opposition to Motion of Defendant Mark K. Neal
for Judgment on the Pleadings**

## I.    INTRODUCTION

The Motion of Defendant Mark K. Neal ("Defendant Neal") for Judgment on the Pleadings is actually nothing of the sort.  For factual support, a motion for judgment on the pleadings is to be based solely on the pleadings of the opposing party, Plaintiff Jason Schaumleffel ("Plaintiff").  Defendant Neal's motion, however, relies primarily on the pleadings of his co-defendants, Mackenzie Dickerson, Macey Zambori and Muskingum University. Accordingly, pursuant to Fed. R. Civ. Proc. 12(d), the motion cannot be granted.  Rather, it must be denied or treated as a motion for summary judgment, and decided only after all parties have been given a reasonable opportunity to present all pertinent evidence.

Moreover, the case law upon which Defendant Neal relies discusses evidentiary, not pleading, standards applicable to motions for summary judgment or trial.  When the proper legal standards are applied to Plaintiff's pleadings, it is clear that Defendant Neal's motion must be denied.

## II.    STATEMENT OF FACTS

Plaintiff has pled four counts against Defendant Neal in his Complaint: Defamation Per Se; Defamation Per Quod; False Light Invasion of Privacy; and Publication of Private Facts. (ECF 1, ¶¶ 335-71).

In the Statement of "Facts" Section of his Memorandum in Support of his purported Motion for Judgment on the Pleadings, Defendant Neal relies solely on the Counterclaim of co-defendant Mackenzie Dickerson (ECF 45) as the basis for fifteen factual claims, upon the Introduction to Defendant Dickerson's Answer and Counterclaim for one factual claim, and upon the Counterclaim of co-defendant Macey Zambori (ECF 46) as the basis for sixteen factual claims.  Defendant Neal then claims that these are "undisputed" and "true" facts in this case. (ECF 59, pp. 23, 25).

As demonstrated below, the only factual allegations upon which Defendant Neal is entitled to rely are those contained in Plaintiff's pleadings.  As to Defendant Neal, those are as follows:

- Muskingum students and/or employees disclosed false allegations made by Ms. Zambori and Ms. Dickerson and/or Muskingum's findings and discipline in response to those charges to Mark Neal ("Neal"), who is Superintendent of Tri-Valley Local Schools. (ECF 1, ¶ 5).

- Superintendent Neal and certain members of the Board of Education of Tri-Valley Local Schools then distributed that information in an effort to force Mr. Schaumleffel to resign as a member of the Board of Education of Tri-Valley Local Schools.  (*Id.*).

- By obtaining information about Ms. Zambori's and Ms. Dickerson's false allegations and Muskingum's findings and discipline in response to those charges and then distributing

that information in an effort to force Mr. Schaumleffel to resign from the Tri-Valley Local Schools Board of Education, Neal engaged in actions or omissions that are manifestly outside the scope of his employment and his acts or omissions were malicious, in bad faith, or wanton or reckless. (ECF 1, ¶ 6).

- Following the disclosure of this FERPA-protected information about Mr. Schaumleffel to Mr. Neal, Mr. Neal requested all records of Muskingum's proceedings into Mr. Schaumleffel's "arrest, expulsion/removal, investigation, or charges for sexual assault" by letter dated March 27, 2017 to the Muskingum University Dean of Students. (ECF 1, ¶ 205).

- The next day, Mr. Neal directed Tri-Valley Local Schools Treasurer Ryan Smith to issue a press release to the Dresden Transcript notifying the public that the Tri-Valley Local School District Board of Education would hold a special meeting on March 30, 2017, to consider "the discipline of a public official, or the investigation of charges or complaints against a public official pursuant to ORC 121.22." (ECF 1, ¶ 206).

- Following the Tri-Valley Local School District Board of Education's special meeting on March 30, 2017, Mr. Neal issued a public statement in which he announced that the focus of the special meeting was information received "from an anonymous source regarding Jason Schaumleffel, one of the members of the Board of Education." (ECF 1, ¶ 207).

- On March 31, 2017, Muskingum's Vice President for Institutional Advancement/Student Affairs Janet Heeter Bass emailed Mr. Neal informing him that Muskingum would not provide the records he had requested without a release from Mr. Schaumleffel. (ECF 1, ¶ 208).

- On March 31, 2017, Mr. Neal forwarded Ms. Heeter Bass's email to members of the Tri-

Valley Board of Education and Mr. Smith along with his own email stating as follows:

> This response from Muskingum should make things easy. If Mr. Schaumleffel can simply sign the release, we can obtain the records and the BOE can go from there. I have had two more anonymous calls this morning and one from the TR [Zanesville *Times Recorder*] with an updated record requests. This story is not going away any time soon. In my opinion, it is time to provide the records or resign from the Board of Education….

(ECF 1, ¶ 209).

- Mr. Neal provided his March 31, 2017, email to a reporter for the Zanesville *Times Reporter,* who described it in an article published in that newspaper on March 31, 2017. (ECF 1, ¶ 210).

- In an April 6, 2017, article published by Whiz News, Tri-Valley School Board President Eddie Brock confirmed that the school district had received "an anonymous letter" and had participated in "some follow-up phone conversations and things like that" regarding Muskingum's disciplinary proceedings involving Mr. Schaumleffel. (ECF 1, ¶ 211).

- On April 21, 2017, Mr. Neal emailed members and employees of the Tri-Valley Board of Education falsely claiming that Mr. Schaumleffel had created a "real scandal" by engaging in sexual assault against two Muskingum University students:

> [Mr. Schaumleffel is involved in a] real scandal….two incidents of sexual misconduct, expulsion from Muskingum University, being banned from campus at Muskingum University, and telling lies to our constituents in a public meeting can be found within your own ranks on the Board of Education. The facts are that there are two counts of sexual misconduct at Muskingum University over two separate semesters that eventually resulted in the expulsion of Mr. Schaumleffel. A positive rape kit was performed on one of his victims and I have been in contact with local authorities and with personnel with direct knowledge of what occurred at Muskingum (not by email or text messages incidentally) who have verified all of these accusations. You all have been put in a precarious position by Mr. Schaumleffel when he stated publicly at the BOE meeting that none of the accusations were true after telling all of us in

4

executive session that indeed… at least wo [sic] of them are true. This constitutes malfeasance (a wrongful act by a public official) and is grounds for the removal of a school board member. While I understand our obligation to keep executive session information quiet, I cannot be a part of being complicit in these lies by remaining silent. I thought that Mr. Schaumleffel might lay low and try to stay out of the public eye for a while in light of these actions, but his records request yesterday have confirmed that he has no intention of doing so. I will assure you once again… that this latest request will yield nothing other than what Mr. Schaumleffel has already been sent. As you all are aware, there are no text messages or emails aside from the ones in which he was included. As much as Mr. Schaumleffel would like to appear a victim… he simply is not. The two girls at Muskingum are the victims. Unfortunately, the TV School District is the other victim.

We have not yet received Mr. Schaumleffels [sic] ID badge that he agreed to turn in, and we have yet to hear from his fictitious attorney. To be clear… Muskingum University has "indisputable proof" of what occurred there. They have only expelled three students in the last 21 years…. One of them being Mr. Schaumleffel. I do not believe there is an attorney in his right mind with any interest in this case. In terms of moving the meeting to Muskingum University… I included Mr. Schaumleffel in every correspondence there has been on this topic. I have not yet contacted the university to secure a meeting place, but I am completely willing to do so if that is the will of the BOE. Additionally, Mr. Schaumleffel has not signed a release of his information from Muskingum University as we requested. He did however contact the university to notify them that he would not be signing any consent to release information.

This email is a public record and I intend to include it in Mr. Schaumleffel's most recent request.

Have a great weekend!

(ECF 1, ¶ 213).

- On or about May 18, 2017, Neal and the Tri-Valley Board of Education issued a media release stating that "Mr. Schaumleffel was recently expelled from Muskingum University and banned from campus property for Title IX violations (sexual misconduct)."  The media release stated further that Mr. Schaumleffel "has been uncooperative and

unresponsive to all questions from the community he serves. His unwillingness to answer to the public leaves the remaining board of education members no choice other than to continue to request that he remove himself from the board." The media release stated accused Mr. Schaumleffel of being "completely unaccountable to the public." (ECF 1, ¶ 214).

- As a direct and proximate result of Defendant(s)' conduct detailed in this Complaint, the *Zanesville Times-Recorder* has published false and misleading newspaper accounts regarding Mr. Schaumleffel, in response to which the Facebook postings have been made on the Facebook page of the *Zanesville Times-Recorder,* including one in which Plaintiff was urged to kill himself. (ECF 1, ¶ 215).

- The events involving Plaintiff and Defendants Dickerson and Zambori at Muskingum University that Defendant Neal described as a "real scandal" were <u>consensual</u> sexual activity. (ECF 1, ¶¶ 365-68).

## III. LAW AND ANALYSIS

### A. Standard for Judgment on the Pleadings.

As the Sixth Circuit has recently set forth, "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of <u>the pleadings of the opposing party</u> must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." <u>Jackson v. Professional Radiology, Inc.</u>, 864 F.3d 463, 466 (6th Cir. 2017) (emphasis added). "[L]egal conclusions or unwarranted factual inferences," however, need not be accepted as true. *Id.* "A Rule 12(c) motion 'is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.'" *Id.* (internal citations omitted; emphasis added).

**B.    Defendant Neal's Motion Must Be Treated as a Motion for Summary Judgment.**

According to Fed. R. Civ. Proc. 12(d), when a motion for judgment on the pleadings is based on matters outside the pleadings, if the motion is not denied it must be treated as a motion for summary judgment under Rule 56.  In that case, "All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

Here, Defendant Neal's Motion is based on thirty-two separate factual allegations contained in the responsive pleadings of Defendants Dickerson and Zambori.  By relying on the pleadings of his co-defendants, rather than on the opposing party, Defendant Neal has filed a motion that, if not denied, must be treated as a motion for summary judgment.  <u>Jackson</u>, *supra* (motion for judgment on the pleadings must be based only on the "pleadings of the opposing party"); Rule 12(d).

If the Court does not deny Defendant Neal's Motion, Plaintiff respectfully requests that he be given time through the discovery period and dispositive motion deadlines established in this case to respond, so that he may have the required opportunity to present "all the material that is pertinent to the motion."

**C.    Plaintiff's Complaint Does Not Establish That Defendant Neal Is Entitled to Political Subdivision Immunity.**

Defendant Neal is not entitled to claim Ohio's statutory immunity for political subdivision employees.  Ohio Revised Code § 2744.03(A)(6) provides that political subdivision employees whose actions "were with malicious purpose, in bad faith, or in a wanton or reckless manner" are not entitled to immunity.

According to Ohio courts interpreting Section 2744.03(A)(6), "Generally, issues regarding malice, bad faith, and wanton or reckless behavior are questions presented to the jury."

Spitulski v. Bd. of Educ. of Toledo City Sch. Dist., 2017-Ohio-2692, ¶ 33, 90 N.E.3d 287, 296 (Ohio Ct. App. 6th Dist. 2017) (citing Schoenfield v. Navarre, 2005-Ohio-6407, 164 Ohio App. 3d 571, 843 N.E.2d 234 (Ohio Ct. App. 6th Dist. 2005)).

As a result, "In order to grant a motion for judgment on the pleadings on the issue of immunity under R.C. 2744.03(A)(6), the record must be 'devoid of evidence tending to show that the political subdivision employee acted wantonly or recklessly.'" Kravetz v. Streetsboro Bd. of Edn., 2012-Ohio-1455, ¶ 27 (Ohio Ct. App. 11th Dist. 2012) (citing Irving v. Austin, 138 Ohio App. 3d 552, 741 N.E.2d 931 (Ohio Ct. App. 6th Dist. 2000)).

Plaintiff's Complaint is certainly not devoid of evidence tending to show that Defendant Neal acted wantonly or recklessly. "'Wanton misconduct' has been held to be a failure, 'to exercise any care whatsoever * * * under circumstances in which there is a great probability that harm will result….'" Irving, 138 Ohio App. 3d at 557. Plaintiff's Complaint does contain allegations that Defendant Neal failed to exercise care to protect Plaintiff from the harm that resulted from his actions. Based solely on information received from anonymous sources that Muskingum University refused to verify (ECF 1, ¶¶ 207-209), Defendant Neal emailed the members and employees of the Tri-Valley School Board that Plaintiff was involved in a "real scandal" including "two incidents of sexual misconduct" at Muskingum and "telling lies to our constituents in a public meeting." (ECF 1, ¶ 213). He stated it as "fact" that Plaintiff had committed "two counts of sexual misconduct." (Id.). Plaintiff's Complaint alleges that Plaintiff denied what Defendant Neal described as "fact." (ECF 1, ¶ 355). Defendant Neal claimed that Plaintiff had admitted to this in the School Board's executive session, but despite Defendant Neal's understanding of "our obligation to keep executive information quiet, I cannot be a part of being complicit in these lies by remaining silent." (Id.). He continued, "As much as Mr.

Schaumleffel would like to appear a victim … he simply is not. The two girls at Muskingum are the victims." (*Id.*). He claimed, "To be clear … Muskingum University has 'indisputable proof' of what occurred there." (*Id.*).

Less than a month later, Defendant Neal issued a media release not only referencing Plaintiff's expulsion, but also alleging that he "has been uncooperative and unresponsive to all questions from the community he serves. His unwillingness to answer to the public leaves the remaining board of education members no choice other than to continue to request that he remove himself from the board." The media release accused Mr. Schaumleffel of being "completely unaccountable to the public." (ECF 1, ¶ 214). As the result of that media release, the local newspaper published an article that led to a barrage of postings about Plaintiff on the newspaper's Facebook page, including one that urged him to kill himself. (ECF 1, ¶ 215).

As in Irving, where the "appellee accused appellant of fathering a child of a woman not his wife and further abandoning the child without social or financial support," Defendant Neal does *not* receive statutory immunity unless he satisfied his "duty to insure [the] accuracy" of his "serious allegations" against Mr. Schaumleffel. Irving v. Austin, 138 Ohio App. 3d at 557. Though Defendant Neal *claims* to have done so in his email to the School Board (ECF 1, ¶ 213), that is at odds with Plaintiff's allegations that Neal acted based on "anonymous sources" that Muskingum's Vice President refused to verify on FERPA grounds. (ECF 1, ¶ 208; ECF 1-47). Defendant Neal also accused Plaintiff of being "uncooperative and unresponsive to all questions from the community he serves" and "completely unaccountable to the public." Plaintiff's Complaint does not corroborate these claims. (ECF 1, ¶ 214). Moreover, Plaintiff's Complaint is completely devoid of any evidence that Defendant Neal took measures to limit the public backlash that his media release triggered against Plaintiff.

More importantly, Defendant Neal's admitted disclosure of statements that he claims Plaintiff made in the School Board's executive session is precisely the kind of conduct that the court held to be sufficient to defeat a motion for judgment on the pleadings under this same immunity statute in Kravetz:

> Appellee's complaint alleges that both [School Board Treasurer and President] Keller and Estille, although having a duty to keep all facts of the investigation confidential, copied documents and then made them available to the public at a school board meeting. The documents related both to the allegations against appellee and her discipline. Additionally, the complaint alleges that Keller and Estille spoke of these allegations during open session at the school board meeting and then sent copies of letters to the newspaper concerning the allegations against appellee, in spite of the ongoing investigation.

Kravetz, supra, at ¶ 28. On these facts, the court found that the School Board Treasurer and President were not entitled to the statutory immunity that Defendant Neal claims. Id.

Similarly here, Defendant Neal, though admittedly aware of his duty to keep information disclosed in executive session confidential, revealed what he claimed had occurred there in an email to school board members and employees to support his claim that Plaintiff was "telling lies to our constituents in a public meeting." (ECF 1, ¶ 213). He then issued the media release alleging that Plaintiff had been "completely unaccountable to the public." (ECF 1, ¶ 214). As in Kravetz, in such circumstances judgment on the pleadings is inappropriate:

> Construing the allegations of appellee's complaint as true and all reasonable inferences to be drawn therefrom in a light most favorable to appellee, … there may be facts pertaining to these allegations that could entitle appellee to recover from them individually. If there are affirmative defenses to all or part of these allegations that would eliminate personal liability for Keller and Estille, those affirmative defenses must be established through the discovery process.

Kravetz, ¶ 28 (emphasis added).

Defendant Neal's statutory immunity defense "must be established through the discovery process." Accordingly, his motion for judgment on the pleadings as to all of Plaintiff's counts against him on immunity grounds must be denied.

> **D.** **Plaintiff's Complaint Does Establish That Defendant Neal Made False Statements About Plaintiff With Malice.**

Defendant cites several authorities regarding the burden of a defamation plaintiff who is a public official to prove malice either in opposition to a motion for summary judgment or at trial, but none provide guidance here, where the question is whether judgment should be granted based solely on Plaintiff's pleadings. At the stage of a motion for judgment on the pleadings, a public official defamation plaintiff need only allege malice and at least one supporting factual allegation. Ehrlich v. Kovack, 135 F. Supp. 3d 638, 675 (N.D. Ohio 2015). The Ehrlich court demonstrated this as follows:

> Here, the Complaint alleges Heller's statements "were made with knowledge that they were false, or in reckless disregard of the truth." (Doc. No. 1–3 at ¶ 62.) Moreover, Plaintiff attaches a document to the Complaint entitled "Certification of Health Care Provider for Family Member's Serious Health Condition (Family and Leave Act)," which Plaintiff alleges she submitted as part of her FMLA leave request. *Id.* at ¶ 27, Exh. G. Contrary to the statement in Heller's Petition for Civil Stalking Order, Plaintiff's Certification does not list "anxiety issues" as the reason for her FMLA leave. *Compare* Doc. No. 1–3, Exhibits G and N. In light of the above, and construing the allegations contained within the Complaint as true, the Court finds Plaintiff has sufficiently alleged "actual malice" to withstand judgment on the pleadings with respect to this claim.

Here, Plaintiff has alleged a *trail* of reckless conduct by Defendant Neal, as set forth in the previous section. These allegations, which are far more extensive than the single instance deemed sufficient in Ehrlich, are sufficient to withstand Defendant Neal's motion for judgment on the pleadings. "Plaintiff has sufficiently alleged 'actual malice' to withstand judgment on the pleadings with respect to this claim." *See* Ehrlich, 135 F. Supp. 3d at 675.

Defendant Neal also claims a qualified privilege (ECF 59, Page ID 1377-1380) as to Plaintiff's claims for defamation and false light invasion of privacy. But Plaintiff's allegations of actual malice are sufficient to defeat the qualified privilege argument, for it does not apply when a defendant acts with actual malice. *See* Jacobs v. Frank, 60 Ohio St. 3d 111, syllabus ¶ 2 (1991).

**E.     Plaintiff's Complaint Does Not Establish That Defendant Neal's Statements About Plaintiff Were True.**

Citing the pleadings of his co-defendants Mackenzie Dickerson and Macey Zambori, and not in reliance on Plaintiff's Complaint, Defendant Neal claims that he is entitled to judgment on the pleadings as to Plaintiffs' defamation and false light invasion of privacy claims because his statements are, he claims, true. Defendant Neal contends:

> Plaintiff takes issue with *Ms. Zambori's* statement that he sexually harassed and stalked her, but it is still *true* that she made, and continues to support, that statement. Plaintiff takes issue with *Ms. Dickerson's* statement that he sexually assaulted her, but it is still *true* that she made, and continues to support, that statement. (Defendant's Memorandum in Support, ECF 59, Page ID 1375).

As support for these factual claims, Defendant Neal cites the responsive pleadings of Defendants Dickerson and Zambori. (Defendant's Memorandum in Support, ECF 59, Page ID 1355-1357). A motion for judgment on the pleadings must be based on the opposing party's pleadings, not one's co-defendants. *See* Jackson, *supra,* 864 F.3d at 466.

Defendant also claims, "Plaintiff does not base his claims against Superintendent Neal on *what* Superintendent Neal said…." (Defendant's Memorandum in Support, ECF 59, Page ID 1375). As is demonstrated above, Plaintiff certainly does base his claims on allegations that what Defendant Neal said was false. Accordingly, Defendant Neal is not entitled to judgment on the pleadings as to Plaintiff's defamation and false light claims on the grounds that his statements were purportedly true.

12

**F.     Plaintiff's Complaint Does Not Establish That Defendant Neal's Statements About Plaintiff Were Mere Opinion.**

Defendant Neal's contention that Plaintiff only objects to statements of opinion is inaccurate.  In his Memorandum in Support, Defendant Neal claims, "Plaintiff has failed to articulate any other statements made by Superintendent Neal that he contends are defamatory" other than that Plaintiff had created a "scandal" for the school district and "In my opinion, it is time [for Plaintiff] to provide the records [concerning his expulsion from Muskingum] or resign from the Board of Education."  (ECF 59, Page ID 1377).

As Defendant Neal acknowledges in his Memorandum in Support, "opinions based on erroneous facts are actionable if published with actual malice."  <u>Jenkins v. KYW, Div. of Group W, Westinghouse Broadcasting & Cable, Inc.</u>, 829 F.2d 403, 308 (3d Cir. 1987) (cited by Defendant Neal at ECF 59, Page ID 1376).   Plaintiff's Complaint alleges that Defendant Neal's statement that Plaintiff has created a scandal is based on erroneous facts, and that Defendant Neal made that statement with actual malice.  Similarly, the Defendant Neal's statement that Plaintiff must provide the records of his expulsion or resign is also based on erroneous facts, for Plaintiff's Complaint alleges that the sexual conduct involved was consensual.  (ECF 1, ¶¶ 1-2 and *passim*).

**G.     Plaintiff's Complaint Establishes Defendant Neal's Statements About Plaintiff Were Not of Legitimate Concern to the Public.**

Defendant Neal claims that he is entitled to judgment on the pleadings on Plaintiff's claim for tortious publication of private facts because his co-defendants' accusations that Plaintiff had engaged in sexual misconduct are matters of public concern.  Plaintiff's Complaint alleges that his sexual activity with Defendants Dickerson and Zambori was consensual.  (ECF 1, ¶¶ 1-2 and *passim*).  Consensual sexual activity between consenting adults is a private matter.

As to whether Defendant Neal was entitled to disclose his co-defendants allegations of sexual misconduct and the disciplinary action taken by Muskingum, Defendant Neal was informed by Muskingum that it could not release that information.  (ECF 1, ¶ 208; ECF 1-47). As Plaintiff's Complaint alleges, that information was protected from release by FERPA.  (ECF 1, ¶ 204).  FERPA's provisions take this information out of the realm that the public was entitled to know.

Defendant Neal took the nearly identical actions as those by the school administration in Denlinger v. City of Columbus (2000 WL 1803923 (Ohio Ct. App. 10th Dist. 2000)), where the following was determined *not* to be matters of public concern on an invasion of privacy claim:

> The school administration responded to media inquiries concerning the charges against the plaintiff and released documents it had obtained from Children's Services. *Id.* Subsequently, the information was publicized by the media. *Id.* The plaintiff sued, asserting invasion of privacy. *Id.* The Tenth District Ohio Court of Appeals held that "despite the public's otherwise legitimate interest in the alleged on-the-job misconduct of school principals, appellees had no obligation to disclose the information alleged to have been disclosed and, in fact, were required by law to keep it confidential."

Denlinger, at *1.

Here, Defendant Neal responded to media inquiries concerning the allegations against Plaintiff and released information he claims to have received from anonymous sources, despite that Muskingum had informed him that such information could not be disclosed under FERPA. (ECF 1-47, Page ID 585).  Subsequently, as in *Denlinger,* the information was publicized by the media.  Defendant Neal also made statements about what purportedly occurred in the school board's executive session, which he himself acknowledges were confidential.  As in Denlinger, "despite the public's otherwise legitimate interest in the alleged … misconduct of [Plaintiff]," Defendant Neal "had no obligation to disclose the information alleged to have been disclosed and, in fact, [was] required by law to keep it confidential."  Following Denlinger, the information

14

that Defendant Neal broadcast throughout the readership of the Zanesville *Times Recorder,* resulting in a barrage of hostile posts on the newspaper's Facebook page, including one urging Plaintiff to kill himself, gives rise to Plaintiff's claim for invasion of privacy.

## IV. CONCLUSION

For the foregoing reasons, despite Defendant Neal's reliance on his co-defendants' pleadings, his Motion for Judgment on the Pleadings must be denied in its entirety.

Respectfully submitted,

*/s/ David T. Ball*
Eric J. Rosenberg (Ohio Bar #0069958)
David T. Ball (Ohio Bar #0078885)
Rosenberg & Ball Co. LPA
395 North Pearl Street
Granville, OH 43023
Telephone: (614) 316-8222
Fax: (866) 498-0811
E-mail: erosenberg@rosenbergball.com
dball@rosenbergball.com
*Attorneys for Plaintiff Jason Schaumleffel*

## CERTIFICATE OF SERVICE

I certify that on September 27, 2018, I filed this court filing with the Clerk of Court using the CM/ECF system which will send notification of the filing to all counsel of record.

/s/ David T. Ball
David T. Ball (Ohio Bar #0078885)