**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**JASON SCHAUMLEFFEL,**

        **Plaintiff,**

                                   **Case No.: 2:17-cv-463**
**-v-**                                       **Judge Sarah D. Morrison**
                                   **Magistrate Judge Jolson**

**MUSKINGUM UNIVERSITY,** *et al.*,

        **Defendants.**

## **ORDER**

Plaintiff Jason Schaumleffel initiated this case against Defendants Muskingum University ("Muskingum"), Macey Zambori, Mackenzie Dickerson, Mark Neal, and John Does 1–5.  This Court had original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiff alleged Defendant Muskingum University violated Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681, *et seq.*  (ECF No. 1, Compl.).  On March 20, 2019, Plaintiff dismissed all of his claims against Muskingum.  (*See* ECF No. 77, Stip. of Dismissal).

With the dismissal of Muskingum, the only claims that remain in this case are the state-law claims asserted by Plaintiff Schaumleffel against Defendants Zambori, Dickerson, and Neal, and the state-law counterclaims asserted by Defendants Zambori and Dickerson against Plaintiff Schaumleffel.  This Court ordered the parties to address the Court's continued exercise of supplemental jurisdiction in this case (ECF No. 105).

Pursuant to 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction when the Court "has dismissed all claims over which it has original jurisdiction." The United States Court of Appeals for the Sixth Circuit has held that "[i]f the federal claims are

dismissed before trial, the state claims generally should be dismissed as well." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (internal quotations omitted).  Here, the parties have no objection to this Court declining to exercise supplement jurisdiction over the remaining claims and dismissing them without prejudice to refiling in state court.  The parties agree that all discovery and testimony collected to date could be used in a refiled state court action.  Under these circumstances, and lack of objection from the parties, pursuant to 28 U.S.C. § 1367(c)(3), the Undersigned declines to exercise supplemental jurisdiction over the remaining state-law claims.

Based on the foregoing, the Court declines to exercise supplemental jurisdiction over the remaining claims in this case and hereby dismisses Plaintiff's Complaint without prejudice.  The parties have 30 days to refile their claims in state court of competent jurisdiction if they so desire.  28 U.S.C. § 1367(d).

**IT IS SO ORDERED.**

 */s/  Sarah D. Morrison*
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**

2